EASTERN DIST.
June, 1835.

CANAL BANK
ET AL.
vs.
COPLAND.

The surviving partner of the community, has the right to have his half set out to him in nature, if it can be done.

---

## CANAL BANK ET AL. vs. COPLAND.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In a case where the creditor may resort to the executory process in another court from that which rendered judgment, in order to have it executed, no property can be seized and sold under the executory process, which could not have been taken under the judgment first rendered.

The sheriff is required to execute process issued on executory proceedings, in the same manner as in ordinary cases under *fieri facias*.

The plaintiffs had judgment in the District Court, against the defendant, for the sum of two thousand six hundred

EASTERN DIST.
June, 1835.

CANAL BANK
ET AL.
vs.
COPLAND.

and fifty dollars, and requiring him to execute his several promissory notes; one for two thousand six hundred and fifty dollars, and three others for twenty-one thousand two hundred dollars more, it being for the purchase of seven hundred and seventy-seven acres of ground, adjoining the town of Carrollton, by the defendant, at public auction, the 1st May, 1833. This judgment was dated the 18th March, 1834. A *fieri facias* issued on this judgment and was returned, no property found.

On the 1st of November, 1834, the plaintiffs applied to the Parish Court for the parish and city of New-Orleans, for a writ of seizure and sale against the tract of land in question, on the ground that the defendant was absent from the state and had left no known agent, attorney or representative, on whom process could be served. They pray that an attorney be appointed to represent him, with whom the writ of seizure and sale may be prosecuted contradictorily, and that the premises be sold according to law, on certain specified terms.

The parish judge granted the order of seizure and sale, according to the prayer of the plaintiffs, and an attorney was appointed to represent the absent defendant.

An agent and attorney for the defendant also appeared, and was recognised as such, who moved the court set aside the order of seizure and sale, on the ground that it had no jurisdiction, inasmuch as the property seized is not situated in the parish of New-Orleans, but in the parish of Jefferson, over which this court has no jurisdiction. The court overruled the objection and let the cause proceed. The defendant appealed.

*J. Slidell*, for the plaintiffs.

1. The plaintiffs were entitled to executory process for the sale of the land adjudicated to the defendant, for the payment of the entire price. This could not have been effected under an ordinary writ of *fieri facias;* such writ could only have issued for the instalments actually due.

2. The District Court could not have granted an order of seizure and sale, the case not coming within the provisions

of *article* 732 of *Code of Practice.* The parish Court had no
such power under *article* 746, *Code of Practice.*

3. The sale having been made of a tract of land in block, even if a portion of it had been situated in the parish of Jefferson, which is negatived by the testimony, yet, if the greater part was situated in the parish of Orleans, the sale was well ordered to be made by the sheriff of New-Orleans. 2 *Martin, N. S.,* 562. The Parish Court had also jurisdiction, from the fact of R. Copland having been domiciled in the Parish. *Code of Practice, article* 163.

*Hennen,* for the appellant.

1. No executory process could issue in the case presented by the petition, to enforce the judgment of another court.

2. The Parish Court of New-Orleans had no jurisdiction in the cause, the land lying out of the parish.

3. The property which is prayed to be seized and sold, is not situated within the parish of Orleans, but within that of Jefferson; and, consequently, the sheriff of the parish of Orleans could not proceed against it, and the court was without jurisdiction, and all the proceedings are null.

4. The court erred in deciding against the motions made by the counsel for defendant, to set aside the executory proceedings.

5. The whole proceedings are irregular, informal and illegal, on the face of them. The plaintiffs were not entitled to the remedy of seizure and sale, asked for by them; and the sale has been irregularly and illegally made, and the whole is void.

6. The plaintiffs had no mortgage for the amount they claimed as due; and no executory process could issue on their application.

*Martin, J.,* delivered the opinion of the court.

The defendant complains of the discharge of a rule which he took on the plaintiffs, to show cause why an order of seizure and sale of certain property should not be set aside.

EASTERN DIST.
June, 1835.

CANAL BANK
ET AL.
vs.
COPLAND.

The order of seizure and sale was granted by the Parish Judge, on a judgment obtained, by the plaintiffs, against the defendant, in the District Court, for the First Judicial District, under the provisions of the *Code of Practice, article* 746.

The law provides for the execution of judgments which decree the payment of money, by writs of *fieri facias* and *capias ad satisfaciendum*. Under the first writ, the debtor possesses the faculty of pointing out the property he can best spare, and which he prefers should be first seized. If he does not do this, his personal property is first to be taken, his slaves next, and afterwards his lands. This comprises the list, and the order in which the seizure is to be made. In no case can the creditor insist on the sale of any particular property, in preference to any other, unless he have it in pledge.

· The article cited from the Code of Practice, authorises, indeed, the judgment creditor who chooses, to proceed in another court than that which rendered the judgment, by resorting to the executory process without any previous citation, as in case of an act importing confession of judgment, and to have the property of the debtor seized and sold.

We have not inquired, whether a creditor who proceeds by executory process in another court than that which gave judgment, is to obtain a writ of *fieri facias* from the court, or an order of seizure and sale at chambers.

' We have very much doubted whether the District and Parish Courts, having concurrent jurisdiction over the parish, either of these courts can proceed in a case actually pending before the other.

But we have had but little hesitation in coming to the conclusion, that the creditor who finds it convenient to resort to such execution of his judgment in another court than that which first rendered it, cannot thereby place his debtor *in duriori casu,* and deprive him of the facilities the law secures to debtors in ordinary cases. He cannot be permitted to arrogate to himself the right of placing under the

hammer, any portion or description of the debtor's property which his interest, caprice and avarice may prompt him to have seized.

EASTERN DIST.
June, 1835.

CANAL BANK
ET AL.
vs.
COPLAND.

This court sees no good reason why a tribunal other than the one which rendered judgment in the first instance, should order its execution in a different manner from that which the law has pointed out to the court which tried the cause, and gave the judgment sought to be thus enforced.

The counsel for the plaintiffs has stated in his points, that he resorted to the Parish Court for the purpose of securing the plaintiffs a remedy which the District Court was unable to give to them.

Hard, indeed, would be the case of the inhabitants of the city and parish of New-Orleans, if the circumstance of there being courts of concurrent jurisdiction situated therein, will authorise a creditor, after obtaining a judgment in one court, to seek the execution of it in another, which did not try the case or render judgment; and, by that means, point out any particular part or portion of the debtor's property for seizure and sale, as best suited his purpose.

A sound construction of the *article* 746 of the *Code of Practice*, leads to the conclusion that, although the creditor may resort to the executory process in another court than that which rendered the judgment sought to be enforced, no property can be seized and sold under the executory process ordered by the latter court, which could not have been seized and sold under the judgment of the former. The sheriff is required by law to execute the process of either or both courts, in the same manner.

The law has not so provided, and this court sees no good reason to say, that the court last resorted to, and which did not render the judgment, can issue a different executory process from that which did.

It further appears to the court, that the order of seizure and sale improperly issued in this case, against a particular piece of land; the rule, therefore, should have been made absolute.

*In a case where the creditor may resort to the executory process, in another court from that which rendered judgment, in order to have it executed, no property can be seized and sold under the executory process, which could not have been taken under the judgment first rendered. The sheriff is required to execute process issued on executory proceedings, in the same manner, as in ordinary cases under* fieri facias.

EASTERN DIST.
June, 1835.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed; that the rule be made absolute, and the order of seizure and sale be set aside; the plaintiffs paying costs in both courts.